## RUTH HORN v. JAS. H. MINOR AND DALLAM.

**Execution—Quashing—Variance.**

A motion to quash either an execution or a replevin bond taken under it should not be sustained for immaterial variance, but if the variance is of such a material character as to render it uncertain from the records whether an execution was in fact intended to apply to the judgment rendered and relied on to uphold it, or whether the bond sought to be quashed was taken under some other execution, or without authority of the sheriff, the execution or bond may be quashed.

**Execution—Quashing—Variaance.**

Where the variance between the replevin bond and an execution consisted in the name "Minor & Dallam" and "Minor & Sallamon," it constitutes ground for quashing the execution or bond.

### APPEAL FROM OHIO CIRCUIT COURT.

October 9, 1873.

OPINION BY JUDGE HARDIN:

The appellant, Ruth Horn, having executed before the sheriff of Muhlenberg county a replevin bond payable to *"Minor & Sallamon,"* purporting to replevy an execution from the Ohio Circuit Court clerk's office, in favor of said Minor and Sallamon and against Mathew L. Horn and John C. Horn, the latter only resisting in the bond as a principal in the debt for $366.57, amounting with interest, cost and commissions to $452.62, as computed by the sheriff, an execution against said John C. and Ruth Horn was issued from said

clerk's office for the sum of $453.62, after the maturity of the bond, but not purporting to be in favor of Minor and Sallamon, the payees named in said bond, but in favor of the present appellees, Minor and Dallam.

That execution having been levied on the appellant's property, and she having temporarily enjoined it, complaining in her petition of the above irregularities and others as causes of relief, she moved the court to quash said bond and execution for reasons disclosed in her petition, which the defendants agreed to treat as a notice to them of the grounds of the motion.

On hearing the motion the court overruled it, but finding the bond to have been taken for too much, directed that it be credited by the sum of $3.56, as of its date.

This appeal is from the judgment.

It appears that the execution the bond was taken to replevy was in favor of Minor and Dallam and against John C. Horn, Mathew L. Horn and Joseph D. Yonts, whereas the bond taken to "Minor and Sallamon" attempts to describe it as in favor of them and against John C. Horn and Mathew L. Horn only, thus being variant from the execution in the statement of both parties.

And the last execution is also variant from the bond, as it purports to be in favor of "Minor and Dallam" instead of Minor and Sallamon. But we need only consider the question whether the bond itself was or was not fatally defective, for the discrepancy between it and the execution on which it was taken.

It is rightly conceded for the appellant that a motion to quash either an execution, or bond taken under it, should not be sustained for a reasonably immaterial variance, such as may arise from the misstating of a name or other slight inaccuracy, and yet have the identity of the parties and these rights and liabilities to be traced from the record with measurable certainty.

But when the variance is of such a material character as to render it uncertain from the records, whether the execution was, in fact, intended to apply to the judgment relied on to uphold it, or whether the bond sought to be quashed was taken under that or some other execution, or without authority in the sheriff, we think there can be no question as to the right of a party affected by the variance to be relieved by a quashal of the execution or bond.

The difference between the names "Minor & Dallam" and "Minor and Sallamon" is palpably and irreconcilable and, in our opinion,

this variance is well calculated to injuriously affect the rights of the parties to the bond, who may be interested in showing by the record the identiy of the undertaking of the bond with the demand of Minor and Dallam in their execution.

The motion should, therefore, have been sustained.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Ricketts & Reno, for appellant.*

*————, for appellees.*